UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EARL WATTLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  22-545 (UNA) |
| ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, is "involuntarily committed pursuant to 18 U.S.C. § 4243(e)" at the Federal Medical Center in Rochester, Minnesota. *Wattleton v. Hodge*, No. 18-cv-00793, 2019 WL 2432159, at *1 (D. Minn. June 11, 2019), *aff'd*, 798 Fed. App'x 964 (8th Cir. 2020). As such, he "should be exempt from the prisoner filing fees set forth in 28 U.S.C. § 1915(b) of the Prison Litigation Reform Act ("PLRA")." *Id.; see Vandivere v. Lynch*, No. 16-cv-1594 (TSC), 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (persons civilly committed "are not prisoners to whom the PLRA's filing fee requirements apply") (citing cases)). But on several occasions, courts have ordered the Bureau of Prisons ("BOP") "to withdraw funds from [Plaintiff's] account, purportedly in accordance with the PLRA[.]" *Wattleton,* 2019 WL 2432159, at *1 (referencing two cases); *see* 28 U.S.C. §§ 1915(a)(2), (b)(1)-(2) (requiring prisoners bringing civil actions to pay the filing fee fully or by installments as ordered by the court in which the case is filed).

In the instant Complaint captioned "Motion for Prospective Injunctive Relief or Motion to Rescind," Plaintiff seeks an injunction "against encumbrance of filing fee payment order" issued by the U.S. Court of Appeals for the D.C. Circuit in 2003. Compl. at 1. It is axiomatic, however,

that this federal district court lacks jurisdiction to review decisions of the appellate court. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (quoting *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979)); *see United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

Additionally, Plaintiff requests, as he has before, reimbursement of "any prior assessed fees collected from [his] inmate trust fund account" and an order enjoining "the BOP against future filing fee encumbrances" under the PLRA. Compl. at 1. The District of Minnesota has aptly explained that BOP "is simply complying with the orders of the courts by collecting the fees pursuant to the provisions of the PLRA." *Wattleton*, 2019 WL 2432159, at *2 (internal alterations and citation omitted). Therefore, Plaintiff's recourse lies, if at all, in the court that issued the assessment order. *See id.* at *3 (examining Plaintiff's available remedies of which he "successfully availed himself . . . in one instance"); *see also Wattleton v. Carvajal*, No. 22-cv-00057 (UNA), 2022 WL 343562, at *2 (D.D.C. Jan. 25, 2022) (adopting the District of Minnesota's finding "that Plaintiff had failed to state a claim upon which relief could be granted because it was the federal courts, not the BOP and its officials, that determined Plaintiff should pay according to the PLRA[,] and BOP would not have independent authority to make such a determination") (internal quotation marks and citation omitted)). Consequently, this case, like the prior cases, will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate order accompanies this Memorandum Opinion.

_____/s/_____  
TIMOTHY J. KELLY  
United States District Judge

Date: April 22, 2022